IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| GERALD SCHULTZ & PAMELA SCHULTZ, | * | |
| Plaintiffs, | * | |
| v. | * | Civil No. 23-3001-BAH |
| KOMORI CORPORATION & KOMORI AMERICA CORPORATION, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiffs Gerald Schultz and Pamela Schultz (collectively "Plaintiffs") brought suit against Komori Corporation and Komori America Corporation (hereinafter "Komori America") (collectively, "Defendants") alleging negligence, strict liability, failure to warn of dangerous conditions, breach of warranty, and loss of consortium. ECF 2 (state court complaint). Plaintiffs originally filed this action in the Circuit Court of Maryland for Howard County. *See id.* Komori America removed the action to this Court based on diversity jurisdiction.[1] *See* ECF 1 (notice of removal). Pending before the Court is Komori Corporation's motion to dismiss (the "Motion"). ECF 15. Plaintiffs filed an opposition, ECF 16, and Komori Corporation filed a reply, ECF 17. Komori America answered the complaint and does not contest this Court exercising personal jurisdiction over it. ECF 6. The Motion and opposition include memoranda of law and exhibits.[2]

---

[1] At the time of removal, Komori Corporation had not yet been served. *See* ECF 1, at 2 ¶ 4.

[2] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, Komori Corporation's Motion is **GRANTED**.[3]

I. **BACKGROUND**

This case arises out of a workplace accident that occurred on or about August 11, 2021, when Plaintiff Gerald Schultz, a commercial printing press operator, was descending the steps of a Lithrone SX29 printing press (hereinafter "the printing press") in the scope of his employment at House of Printing, Inc. (hereinafter "House of Printing"). ECF 2, at 2 ¶ 7. Gerald Schultz lost his balance and fell from the steps to the ground, resulting in "serious and permanent injuries including a femoral neck fracture." *Id.* ¶ 8. He alleges negligence (Count I), strict liability (Count II), failure to warn (Count III), and breach of warranty (Count IV) against both Defendants, *id.* at 4–7 ¶¶ 13–26, and Pamela Schultz alleges loss of consortium (Count V) against both Defendants, *id.* at 7 ¶¶ 27–29.

Plaintiffs allege that "Defendants designed, manufactured, distributed and sold the printing press with a design defect and flaw, in that the steps to the machine were unnecessarily narrow and steep, and there were no handrails were guardrails along the steps and platform to prevent a worker, who was a foreseeable the user of the product, from falling to the ground." *Id.* at 2 ¶ 6. According to the complaint, the "lack of guardrails and handrails" and "dangerously narrow and steep" resulted in Gerald Schultz's fall and subsequent injuries. *Id.* at 2 ¶ 8.

Plaintiffs allege that Gerald Schultz's injuries were the "direct result of [Defendants'] joint and several negligence, carelessness[,] and recklessness." *Id.* at 3 ¶ 10. Plaintiffs allege that the injuries that he sustained were not due to Gerald Schultz's own failure to "exercise due care and

---

[3] While the Court will grant the motion to dismiss for lack of personal jurisdiction, dismissal will be *without* prejudice.

caution for his own well-being." *Id*.  Finally, Plaintiffs allege that "Defendants either knew, or should have known, of the dangerous and defective condition of the [printing press] at the time it [was] designed, manufactured, distributed, and/or sold" and "should have taken" corrective remedial measures.  *Id*. ¶ 11

Komori Corporation is a Japanese corporation with its principal place of business in Tokyo, Japan.  *Id*. at 1–2 ¶ 3.  Komori America is a wholly owned subsidiary of Komori Corporation and responsible for distribution of Komori Corporation's products to the North American market.  ECF 4, at 1 ¶ 1 (Local Rule 103.3 disclosure), at 2; ECF 15-3 (declaration of Kei Tanaka, Komori America's Vice President of Finance and Administration), at 1 ¶ 2.  Komori America is an Illinois corporation with its principal place of business in Rolling Meadows, Illinois.  ECF 2, at 2 ¶ 4.  Komori Corporation did not negotiate the sale of or install the printing press at issue in this case.  ECF 15-2 (declaration of Jun Sudo, sales manager at Komori Corporation), at 1 ¶ 9; ECF 15-3, at 1 ¶ 3.  Komori America sold and installed the printing press to House of Printing.  ECF 15-3, at 1 ¶ 3.  Komori Corporation has no offices, property, bank accounts, employees, or agents in Maryland, and while it exports printing pressed to the United States in general, it "does not target sales in Maryland."  ECF 15-2, at 1 ¶¶ 3–8.

After Komori America removed the action to this court and answered Plaintiffs' complaint, on April 4, 2024, Komori Corporation moved to dismiss the complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12.  ECF 15.  Komori Corporation asserts that the complaint must be dismissed with prejudice against it because it does not have sufficient minimum contacts with the state of Maryland and thus is not amenable to suit in Maryland under the Due Process Clause of the United States Constitution.  *See generally* ECF 15-1.

## II. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(2) permits a defendant to file a motion to dismiss for lack of personal jurisdiction. "The plaintiff's burden in establishing jurisdiction varies according to the posture of a case and the evidence that has been presented to the [C]ourt." *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016). When the Court evaluates personal jurisdiction based solely on the papers and without conducting an evidentiary hearing, the plaintiff must make only a prima facie showing of personal jurisdiction to survive the jurisdictional challenge. *See id.*; *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 226 (4th Cir. 2019). In such circumstances, the Court may "consider affidavits submitted by both parties, although it must resolve all factual disputes and draw all reasonable inferences in favor of the party asserting jurisdiction." *Hawkins*, 935 F.3d at 226 (citing *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 560 (4th Cir. 2014)).[4]

## III. ANALYSIS

A federal district court may exercise personal jurisdiction over a nonresident to the extent authorized by the forum state's long-arm statute while remaining consistent with the Due Process Clause of the U.S. Constitution. The Maryland Supreme Court has construed Maryland's long-arm statute, Md. Code Ann., Cts. & Jud. Proc. § 6-103, "to authorize the exercise of personal jurisdiction to the full extent allowable under the Due Process Clause" of the United States

---

[4] "[I]f a court requires the plaintiff to establish facts supporting personal jurisdiction by a preponderance of the evidence prior to trial," it must "afford the parties a fair opportunity to present both the relevant jurisdictional evidence and their legal arguments." *Grayson*, 816 F.3d at 268 (explaining that the requirement for an "evidentiary hearing" does not necessarily mean that live testimony is taken, and a court can evaluate "jurisdictional evidence in the form of depositions, interrogatory answers, admissions, or other appropriate forms" without ever actually holding a hearing). Here, all parties appear to agree that the prima facie standard, not preponderance of the evidence, governs. *See* ECF 16-1, at 5 (noting that "a plaintiff need only make a *prima facie* showing of personal jurisdiction to survive the jurisdictional challenge"); ECF 17, at 4 ("Plaintiffs do not make out even a *prima facie* case for personal jurisdiction over Komori Corporation.").

Constitution.[5]  *See CSR, Ltd. v. Taylor*, 983 A.2d 492, 501 (Md. 2009); *see also Stisser v. SP BanCorp, Inc.*, 174 A.3d 405, 419 (Md. App. 2017).  To satisfy the constitutional requirements under the Due Process Clause, "a nonresident corporate defendant [must have] certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 (1984) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

There are "two kinds of personal jurisdiction: general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (quoting *Goodyear Dunlop Tires Operations, S. A. v. Brown*, 564 U.S. 915, 919 (2011)).  Plaintiffs here specify that they "do not allege Maryland has general jurisdiction over Komori [Corporation]." ECF 16-1, at 4.  Rather, they assert that this Court has specific personal jurisdiction over Komori Corporation "because of Komori [Corporation]'s design, manufacture, and distribution of the Subject Machine to Komori America along with its knowledge, approval, consent, and/or control over Komori America's subsequent sale of the Subject Machine to House of Printing in Maryland, which is the direct cause of the instant action." *Id.* at 4–5.

The Fourth Circuit applies a three-part test to evaluate whether specific jurisdiction due process requirements are satisfied: "(1) the extent to which the defendant has purposefully availed

---

[5] While Maryland courts have clarified that whether a Maryland court has personal jurisdiction over a defendant requires both constitutional *and* statutory analysis, *Mackey v. Compass Mktg., Inc.*, 892 A.2d 479, 486 (Md. 2006), it also has sometimes permitted skipping the statutory analysis if the constitutional analysis "demonstrates conclusively that personal jurisdiction over the defendant would violate due process." *State v. Exxon Mobil Corp.*, 406 F. Supp. 3d 420, 439 (D. Md. 2019) (citing *Bond v. Messerman*, 895 A.2d 990, 1000 (Md. 2006)).  As the Court finds that the constitutional analysis is dispositive here, it declines to evaluate whether personal jurisdiction is permitted under Maryland's long-arm statute.

itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009) (citing *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002)).  Because Plaintiffs have not satisfied the first prong of this three-part test, it is not necessary for this Court to consider the second and third prongs. *See Consulting Eng'rs Corp.*, 561 F.3d at 278.

> **A.      Plaintiffs have not made a prima facie showing that Komori Corporation has sufficient minimum contacts with Maryland to confer specific personal jurisdiction.**

Whether a defendant has sufficient minimum contacts with the forum state depends on "whether [] the defendant has created a substantial connection to the forum state by action purposefully directed toward the forum state or otherwise invoking the benefits and protections of the laws of the state." *Lesnick v. Hollingsworth & Vose Co.*, 35 F.3d 939, 945–46 (4th Cir. 1994); *see also Ford Motor Co.*, 592 U.S. at 359 (explaining that the contacts needed for specific jurisdiction "often go by the name 'purposeful availment'" (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985))).  "The contacts must be the defendant's own choice and not 'random, isolated, or fortuitous.'" *Ford Motor Co.*, 592 U.S. at 359 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)).  "They must show that the defendant deliberately 'reached out beyond' its home—by, for example, 'exploi[ting] a market' in the forum State or entering a contractual relationship centered there." *Id.* (alteration in original) (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)).

6

1. <u>Komori Corporation has not purposefully directed its business activities at the state of Maryland.</u>

Plaintiffs fail to make a prima facie showing that Komori Corporation has created such a substantial connection to Maryland by purposefully availing itself of the privilege of conducting business activities in Maryland to establish minimum contacts. "In the context of non-resident defendant companies whose only connection to a forum is that their products have ended up there, the Supreme Court [has] recognized a 'stream of commerce' theory of personal jurisdiction in *World–Wide Volkswagen* . . . ." *Williams v. Romarm S.A.*, 116 F. Supp. 3d 631, 639 (D. Md. 2015) (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297–98 (1980)); *see also Windsor*, 825 F. Supp. 2d at 635. In *World-Wide Volkswagen*, the Supreme Court endorsed a "stream of commerce" theory of personal jurisdiction whereby the forum state "does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state." 44 U.S. at 297–98. "The Fourth Circuit has unambiguously held that some forum-specific conduct *in addition* to this expectation is required to create minimum contacts. *Windsor v. Spinner Indus. Co.*, 825 F. Supp. 2d 632, 640 (D. Md. 2011), *as amended* (Dec. 15, 2011) (citing *Lesnick*, 35 F.3d at 946) (emphasis in *Windsor*).!

Subsequent Supreme Court cases involving the stream of commerce theory have resulted in fractured plurality opinions. *See Asahi Metal Indus. Co. v. Superior Ct. of Ca.*, 480 U.S. 102 (1987); *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873 (2011). Nevertheless, as Judge Bredar has explained, *Nicastro* "reject[ed] the foreseeability standard of personal jurisdiction, but otherwise le[ft] the legal landscape untouched" and so "return[ing] to this circuit's post-*Asahi* precedents to resolve" the question of personal jurisdiction is appropriate. *Windsor*, 825 F. Supp. 2d at 638.

The facts of *Nicastro* are on point here. In that case, a New Jersey worker brought a products liability suit against a foreign machine manufacturer after he was injured while using the machine. 564 U.S. at 878. The foreign manufacturer sold its machines to an independent distributor in the United States. *Id.* Manufacturer employees "attended trade shows in several States but not in New Jersey; and up to four machines ended up in New Jersey." *Id.* at 886. The manufacturer "had no office in New Jersey; it neither paid taxes nor owned property there; and it neither advertised in, nor sent any employees to, the State." *Id.* The trial court found that the manufacturer's only contact with New Jersey was the "the machine in question ending up" there. *Id.* A majority of justices agreed that New Jersey courts could not exercise personal jurisdiction over the foreign manufacturer because it did not have sufficient minimum contacts with the state. *See id.* at 887 (four-justice plurality opinion) (finding that "[a]t no time did [manufacturer] engage in any activities in New Jersey that reveal an intent to invoke or benefit from the protection of its laws" so New Jersey's "exercise of jurisdiction would violate due process"); *id.* at 888 (Breyer, J., joined by Alito, J., concurring in judgment) (finding that "these facts do not provide contacts between the [foreign manufacturer] and the State of New Jersey constitutionally sufficient to support New Jersey's assertion of jurisdiction in this case").

Like in *Nicastro*, Komori Corporation is a foreign corporation whose product allegedly caused an injury to a worker. Although Komori Corporation generally appears to sell to the United States market by distributing its products to its Illinois-based subsidiary, Plaintiffs have not made a prima facie showing that Komori Corporation itself has reached into the state of Maryland to conduct any business activity. Komori Corporation has offered evidence that it has no offices, employees, property, or bank accounts in Maryland and does not pay taxes in Maryland. *See* ECF 15-2. Plaintiffs do not dispute this evidence. The invoice for the machine provided by Plaintiffs

8

indicates only that Komori America contracted with House of Printing to sell the printing press. *See* ECF 16-4, at 2. There is no reference at all to Komori Corporation on that invoice. *Id.* "This is not a case in which there was a 'regular course of sales' into Maryland from which one could reasonably infer that that there was purposeful direction of the product into Maryland." *Williams v. Romarm S.A.*, 116 F. Supp. 3d 631, 641 (D. Md. 2015) (citing *Nicastro*, 564 U.S. at 891; *Hart v. Bed Bath & Beyond, Inc.*, 48 F. Supp. 3d 837, 842–43 (D. Md. 2014)). Thus, absent more, Plaintiffs have failed to show that Komori Corporation has minimum contacts with Maryland sufficient to confer personal jurisdiction. The key factual distinction between *Nicastro* and the instant case is that the distributor in *Nicastro* was independent, whereas Komori America is a wholly-owned subsidiary of Komori Corporation. The Court turns next to the significance of that fact.

> 2. <u>Plaintiffs have not made a prima facie showing that Komori Corporation is an alter ego of Komori America, such that if the Court were to have personal jurisdiction over Komori America, it would also have personal jurisdiction over Komori Corporation.</u>

Plaintiffs argue that this Court has personal jurisdiction over Komori Corporation because Komori America is a wholly-owned subsidiary of Komori Corporation such that Komori America is an alter ego of Komori Corporation. ECF 16-1, at 6–8. Courts may exercise personal jurisdiction over a corporation that would not ordinarily be subject to personal jurisdiction if that corporation is an alter ego of another corporation that would be subject to personal jurisdiction under that court. *See Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 433 (4th Cir. 2011). "To assert jurisdiction over a parent company based on the conduct of a subsidiary, the court must find circumstances warranting it to pierce the corporate veil." *Newman v. Motorola, Inc.*, 125 F. Supp. 2d 717, 722–23 (D. Md. 2000). "The law of the forum state determines whether the corporate veil should be pierced to exercise personal jurisdiction over a nonresident

9

defendant." *State v. Exxon Mobil Corp.*, 406 F. Supp. 3d 420, 447 (D. Md. 2019) (citing *Burns & Russell Co. v. Oldcastle, Inc.*, 198 F. Supp. 2d 687, 697 (D. Md. 2002)).

"Maryland generally is more restrictive than other jurisdictions in allowing a plaintiff to pierce the corporate veil." *Harte–Hanks Direct Mktg./Balt., Inc. v. Varilease Tech. Fin. Grp.*, 299 F. Supp. 2d 505, 514 (D. Md. 2004) (citing *Residential Warranty Corp. v. Bancroft Homes Greenspring Valley, Inc.*, 728 A.2d 783, 790–91 (Md. App. 1999)). Under Maryland law, "the court may attribute the actions of a subsidiary corporation to the parent corporation only if the parent exerts considerable control over the activities of the subsidiary." *Exxon Mobil Corp.*, 406 F. Supp. 3d at 447 (citing *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 61 (4th Cir. 1993)). Courts consider "whether significant decisions of the subsidiary must be approved by the parent," as well as "whether the parent and subsidiary maintain separate books and records, employ separate accounting procedures, and hold separate directors' meetings," and "the level of interdependence between parent and subsidiary." *Mylan Labs.*, 2 F.3d at 61. To pierce the corporate veil for personal jurisdiction, "the court must find that [the parent company] knew, or should have known, that its conduct would have some impact in Maryland." *Id.* at 62. "The court also looks to see if there is an independent reason for the existence of the company; that is, it must not be fraudulently incorporated or undercapitalized." *Newman*, 125 F. Supp. 2d at 723 (citing *Mylan Labs.*, 2 F.3d at 61; *In re American Honda Motor Co., Inc.,* 941 F. Supp. 528, 552 (D. Md. 1996)).

It bears noting that the only allegation in the complaint pertaining to jurisdiction over Komori Corporation is the vague allegation that Komori Corporation has "do[ne] business in Maryland at all times relevant hereto." ECF 2, at 2 ¶ 3. This Court has previously found that such conclusory allegations are "not entitled to the presumption of truth" and are therefore not sufficient to pierce the corporate veil and establish personal jurisdiction. *See Haley Paint Co. v. E.I. Dupont*

*De Nemours & Co.*, 775 F. Supp. 2d 790, 799 (D. Md. 2011) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007)).

Nor do Plaintiffs' arguments in opposition to the motion to dismiss warrant piercing the corporate veil. Plaintiffs aver "upon information and belief, Komori [Corporation] has knowledge of, exercises substantial control over, and financially benefits from the sales of its printing machinery in the State of Maryland through Komori America, including the sale of Subject Machine." ECF 16-1, at 3. Plaintiffs argue that because "it is clear from Komori America's website that it does not design or manufacture Komori printing presses," the "printing presses are very large, complicated, specialized, and costly machines," then "[m]ost likely, Komori [Corporation] manufactured and distributed the Subject Machine to Komori America expressly in response to the sale of the Subject Machine to House of Printing in Maryland." *Id.* at 7–8. But under the factors listed above, this is insufficient to pierce the corporate veil. Indeed, the fact that Komori Corporation manufactures the printing presses and Komori America sells them illustrates that the two companies have different purposes and do not necessarily operate as one. As noted, the invoice Plaintiffs provide indicates only that Komori America sold the printing press to House of Printing. ECF 16-4, at 2. Judge Hollander has declined to pierce the corporate veil "when [the subsidiary] exists as a separate corporate entity, maintains its own financial records, has a separate purpose, and when there has been no allegation that it exists solely as a sham corporation . . . ." *Newman*, 125 F. Supp. 2d at 723. "Further, the fact that [parent] will control certain decisions and even must approve changes does not mean the two companies operate as one." *Id.*

There is no information before the Court regarding the corporate structure or finances of either corporate defendant. Further, the specific facts provided that relate to the sale at issue, including the invoice which notes Komori America sold the printing press to House of Printing,

ECF 16-4, at 2, do not provide any information probative of the relevant facts that could lead the Court to find that Komori Corporation exerts sufficient control over Komori America to establish alter ego liability under Maryland law. Thus, "aside from Plaintiffs' broad allegations, there is simply no evidence to warrant piercing the corporate veil in this case." *Haley Paint Co.*, 775 F. Supp. 2d at 800. As such, this Court may not exercise personal jurisdiction over Komori Corporation without offending the Due Process Clause.

> **B.  Jurisdictional discovery is not warranted because Plaintiffs have not put forth any facts beyond mere speculation that the requisite minimum contacts exist between Komori Corporation and Maryland.**

Plaintiff requests that if this Court finds that the currently available evidence is insufficient to determine whether Komori Corporation had minimum contacts with Maryland, that this Court provide a grant of sixty days to conduct jurisdictional discovery. ECF 16-1, at 9. "[T]he decision whether or not to permit jurisdictional discovery is a matter committed to the sound discretion of the district court." *Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory"*, 283 F.3d 208, 216 n.3 (4th Cir. 2002). Courts are within their discretion in denying jurisdictional discovery when have offered mere "speculation or conclusory assertions," or "bare allegations in the face of specific denials." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). "Jurisdictional discovery is not warranted when 'the pleadings contain[] no specific facts that could establish the requisite contacts with Maryland.'" *Haley Paint Co.*, 775 F. Supp. 2d at 801 (quoting *Mylan Labs.*, 2 F.3d at 64). Jurisdictional discovery "cannot simply be a fishing expedition, and absent allegations (made subject to the strictures of Rule 11) that would provide a basis for piercing the corporation veil, plaintiffs are not entitled to such discovery." *Glass v. Volkswagen of Am., Inc.*, 172 F. Supp. 2d 743, 744 (D. Md. 2001); *see also*

*Wooten v. Boppy Co., LLC*, Civ. No. MJM-23-2695, 2024 WL 3819134, at *5 (D. Md. Aug. 14, 2024) (declining to permit jurisdictional discovery).

Here, Plaintiffs have failed to go beyond speculation concerning Komori Corporation's contacts with Maryland and the complaint contains no facts from which this Court could infer that it has personal jurisdiction over Komori Corporation. Accordingly, Plaintiffs' request for jurisdictional discovery is denied.

### IV.     **CONCLUSION**

As Judge Chuang has previously, the undersigned recognizes the fact "[t]hat a plaintiff must establish that an international manufacturer specifically directed conduct toward an individual state, rather than the nation as a whole, in order for that manufacturer to be subject to personal jurisdiction does not square with the realities of the modern economy." *Williams*, 116 F. Supp. 3d at 642. Nevertheless, this Court is bound by precedent "requir[ing] purposeful conduct directed at Maryland specifically." *Id.* Based on this precedent and for the foregoing reasons, Komori Corporation's Motion is granted. However, despite Komori Corporation's request that dismissal be with prejudice, the dismissal will be without prejudice. *See Zhang v. Bonomolo*, No. 24-1615, 2024 WL 4524527, at *1 (4th Cir. Oct. 18, 2024) ("[A] dismissal for lack of personal jurisdiction must be without prejudice." (citing *Atkisson v. Holder*, 925 F.3d 606, 628 (4th Cir. 2019))). A separate implementing Order will follow.

Dated: February 28, 2025                                     /s/
                                                                    Brendan A. Hurson
                                                                    United States District Judge